UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-00818-NCC |
| ) | |
| NAVY FEDERAL CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of *pro se* litigant Sidney Keys's complaint and application for leave to proceed *in forma pauperis*. For the reasons explained below, the Court will deny the application and dismiss this case without further proceedings. The Court will also deny as moot Keys's motion to appoint counsel.

### Background

According to this Court's public records, Keys has filed more than 60 meritless cases *pro se* and *in forma pauperis* since 2010. Of those, he filed more than 30 since March of 2024. Keys filed the instant complaint against Navy Federal Credit Union. He invokes this Court's federal question jurisdiction by writing: "Racial Discrim Civil Rights Violation and illegally taking my checking account into a negative balance without having over draft protection and a line of." (Doc. 1 at 3) (The Court quotes the complaint without noting or correcting any errors).

Where the form complaint prompts Keys to set forth his statement of claim, he describes his military service and writes: "For the past 35 years I Sidney Keys Sr. as a disabled veteran have been trying to use my VA home loan for the first time and I have been denied illegally by the Navy Federal Credit Union in Atlanta, GA, Orlando FL, Las Vegas Nevada and St. Louis

Missouri." *Id.* at 5. Keys also alleges that the Defendant "illegally authorized 2 different debits to go in my checking account and I do not have over draft protection and I do not have a line of credit." *Id.*

Keys attached to the complaint a copy of his Navy Federal Credit Union account details for the period January 13, 2025 through February 12, 2025. (Doc. 1-3). This account information shows that Keys had a negative account balance on February 12, 2025. *Id.* at 1. It also shows that Keys received four deposits to his account: $2,356 from "SSA TREAS" and $1,201.13 from "OPM1 TREAS" on January 31, 2025; $30.75 on January 27, 2025; and $250 on February 5, 2025. *Id.* at 2. According to the account information, Keys made ATM withdrawals and purchases after receiving the deposits. *Id.* at 1-2.

On June 9, 2025, Keys filed the same Navy Federal Credit Union account information along with other materials, including some that appear related to claims against other entities. (Doc. 4). Keys does not clearly explain, and it is not apparent, how those other materials relate to the instant complaint. As relief, Keys seeks "$75,000,000,000.00." (Doc. 1 at 4).

**Legal Standard**

Federal law requires this Court to dismiss a complaint filed *in forma pauperis* if, among other reasons, it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When reviewing a self-represented person's complaint, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even self-represented litigants must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

## Discussion

The Court first considers Keys's application to proceed *in forma pauperis*. In the application, Keys reported no pay or wages. (Doc. 3 at 1). He placed check marks to aver that he received no other income, including no disability, pension, or annuity payments, no gifts or inheritances, and no payments from "[a]ny other sources" in the past 12 months. *Id.* Keys signed the application under penalty of perjury on June 4, 2025. *Id.* at 3.

Despite Keys's averment that he received no income of any kind in the 12 months preceding June 4, 2025, the Navy Federal Credit Union account information he provided shows that thousands of dollars were deposited into his account between January 27, 2025 and February 5, 2025. And he plainly was aware of the funds, given that he spent them after they were deposited. It therefore appears that Keys did not accurately report his income on the application.

Rather than give Keys the chance to explain, the Court will deny the application and dismiss this case because the complaint fails to state a claim upon which relief may be granted. Keys states he asserts a racial discrimination claim. To assert a *prima facie* claim under 42

3

U.S.C. § 1981, Keys must allege, among other things, that the defendant acted with discriminatory intent. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023). Here, Keys's vague allegations that the Defendant "illegally denied" him a loan and "illegally" allowed debits to his account do not permit the inference of discriminatory intent. At best, Keys's allegations are the sort of "unadorned, the-defendant-unlawfully-harmed-me" accusations that the Supreme Court has found deficient, and that this Court is not required to presume true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, while Keys indicates he brings a claim of civil rights violations, he does not specifically identify, and the Court cannot discern, any potential basis for recovery.

Although *pro se* complaints must be liberally construed, *Erickson*, 551 U.S. at 94, they cannot be conclusory, and they must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). Courts are "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In this case, the complaint contains no facts that would state a plausible claim for relief, so the Court will dismiss this case without further proceedings. Finally, the Court will deny as moot Keys's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Sidney Keys's Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED**. (Doc. 3).

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Sidney Keys's Motion to Appoint Counsel is **DENIED** as moot. (Doc. 2).

Dated this __10th__ day of September, 2025.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE